

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

ELIZABETH JUNG; MIKE RICHARDS, ET. AL.          CIVIL ACTION
                                                NO. 06-0947

**VERSUS**

FEDERAL EMERGENCY MANAGEMENT
AGENCY; DEPARTMENT OF HOMELAND
SECURITY; ET. AL.                               SECTION M

## ORDER

The United States District Court of the Eastern District of Louisiana is located in very

close proximity to some of our most devastated areas.  All of us here at the U.S. District

Court have lived and worked during the past six months as children of the storm.

Our experiences are similar, almost identical in many, many ways, to tens of

thousands of our community brothers and sisters including, of course, those in St. Bernard

Parish.  In this unique brotherhood we have come, with each other, to comprehend many

of the Katrina facts of life that fill our days and nights.  One of those facts of post-Katrina

life here in this metro area is the compelling and continuing problems of dealing with the

Federal Emergency Management Agency (FEMA).  These problems result from, in many

instances, ineptitude, inefficiency and indifference at that agency.  It is difficult to describe

Fee
Process
Dktd
CtRmDep
Doc. No

the devastating effect that these shortcomings have had on our morale and, indeed, our stamina. To say the least, these problems are difficult to put up with, but, put up with them we must because FEMA is basically the only     game in town.

One of the most disappointing yet predictable result of the above-described situation is the rash of litigation that this has precipitated on behalf of many disgruntled victims of the storm. Somehow, they have been told or have come to believe that their myriad problems can be solved at the U.S. Courthouse more efficiently and equitably than inside FEMA's administrative system - an understandable, yet incorrect conclusion.

Indeed, the first jurisdictional test that this Court must apply is to determine whether the alleged improprieties rise to the level of a deprivation of due process – a right protected by the Constitution of the United States and thus a matter to be decided within the processes of the U.S. District Court.

The facts developed in this proceeding center around the administrative management of FEMA, and application by FEMA of their regulations, policies, and administrative processes. This Court is compelled to conclude that plaintiffs' order of proof does not display such actions or failures to act which rise to the level of a due process violation of the U.S. Constitution and thus cannot support the issuance of a restraining order.[1]

The U.S. District Court cannot take over the decision-making management of

---

[1] The record of these proceedings as well as the parties briefs filed March 2, 2006, are attached hereto and made a part hereof.

FEMA any more than it can take over those functions at NASA, the Social Security Administration, or the United States Army Corps of Engineers. We are not empowered to transform administrative decisions into Constitutional due process issues in order to bring about a particular or desired result.

We recognize that FEMA has a huge responsibility for which this Court has no training or expertise, and moreover, no mandate. We have neither the authority nor the ability to do that with which FEMA has been charged. Such a notion is fraught with peril. Only in the particular instance of a real and actual Constitutional due process violation can we take action, and then, only to deal with that particular Constitutional issue.

The best this Court can do is hold FEMA to the specific commitments that they have made and thus hold their particular management and leadership-level spokesmen individually and collectively responsible for accurately and promptly fulfilling the commitments they have made in these Court proceedings.

The Court will follow this matter closely and consistently. If FEMA's commitments are not followed in fact and in spirit, this Court will do all that is necessary to make a judicial determination of whether such actions or inactions are contemptuous. The responsible individual or individuals will be cited to show cause why they should not be held in contempt and will, of course, be given all the rights that accrue to anyone so accused. If thereafter this Court concludes that their conduct is contemptuous, it shall impose sentence accordingly. [2]

---

[2] See 42 U.S.C. §5121; see also 5 U.S.C.§702.

3

It is time for FEMA to end its faceless participation in our lives.  Those individuals in the executive, managerial and advisory capacities must cease their calculated anonymity and provide their names and addresses, and indeed, their telephone numbers, so that their accountability for commitments made under oath and to the public generally are as exposed to daylight as those of all other federal public officials.

This Court will continue the matter as an open case to be dealt with as previously discussed insofar as the FEMA commitments made in the course of configuring this record are concerned.

Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Rec. Doc. #1) must be **DENIED**.

New Orleans, Louisiana, this 3rd day of March, 2006.

@ 9:00 A.M.

_____
Peter Beer
United States District Judge